**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

TANYA SICKAFOOSE,

      Plaintiff,

v.

UNIFIN, INC.,

      Defendant.

**Cause No. 4:25-cv-01713-JSD**

## AMENDED COMPLAINT

COMES NOW Tanya Sickafoose ("Plaintiff"), by and through her undersigned counsel, and for her Amended Complaint states as follows:

### INTRODUCTION

1.     This is an action for actual and statutory damages brought to the Court by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2.     Plaintiff demands a trial by jury on all issues so triable.

### JURISDICTION

3.     This Court has jurisdiction of the FDCPA claim under 15 U.S.C. § 1692k(d), as Defendant's collection activity was directed to Plaintiff at her residence in Missouri. Plaintiff suffered the harms described herein in Missouri. Venue is proper in this District.

### PARTIES

4.     Plaintiff is a natural person currently residing in Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.

5.  The alleged debt Plaintiff owes arises out of consumer, family, and household transactions. Specifically, the alleged debt arose from a credit card that Plaintiff obtained for personal use from Citibank, N.A.

6.  Plaintiff has a bona-fide dispute of the debt. While Plaintiff did have an account with Citibank, the alleged balance of $2,971.75 is not accurate to the best of Plaintiff's understanding as this balance overstates any amount that could be due or owing to Defendant.

7.  Defendant Unifin, Inc. ("Defendant") is a foreign incorporation with its principal place of business located outside of the state of Missouri.

8.  The principal business purpose of Defendant is the collection of debts nationwide; Defendant regularly attempts to collect debts alleged to be due to another entity.

9.  Defendant is engaged in the collection of debts from consumers through means of using mail, electronic mail and telephone.  Defendant is a "debt collector" as defined by the FDCPA.  15 U.S.C. §1692a(6).

## FACTS

10.  Sometime prior to 2016, Plaintiff obtained a Citibank Diamond Preferred credit account from Citibank, N.A.

11.  At all times relevant to this action, the alleged debt has been time-barred.

12.  Defendant concealed from Plaintiff the time-barred debt.  Plaintiff never received any written correspondence from Defendant that indicated the debt was time-barred.  Defendant, in phone calls with Plaintiff that occurred on July 22, 2025, September 9, 2025 and September 11, 2025, demanded that Plaintiff pay the balance without describing to Plaintiff that such payment would revive the statute of limitations on the debt.

13.  Sometime prior to November of 2017, Citibank, N.A. sold Plaintiff's alleged debt

and assigned its rights to collect its debt to a debt collector JH Portfolio Debt Equities, LLC ("JH Portfolio").

### *The First Lawsuit in 2017*

14.    In November of 2017, JH Portfolio tried to collect the subject debt from Plaintiff when it filed a lawsuit against Plaintiff in Franklin County, Missouri, Case No. 17AB-AC02279, styled "JH Portfolio Debt Equities, LLC v. Tanya L. Sickafoose." JH Portfolio alleged that Plaintiff owed a debt of $2,971.75.

15.    Plaintiff disputed, and has always disputed, the debt in its entirety. Specifically, Plaintiff disputes that JH Portfolio, or the Defendant, had any right to collect any sum of money from her for any reason.

16.    JH Portfolio's Petition alleged that it had standing to collect the debt, witnesses to support the indebtedness, and documents to support the indebtedness.

17.    All of these representations were false and designed to mislead Plaintiff into simply paying JH Portfolio the amount it sought. Plaintiff hired legal counsel at great expense and defended the case rather than pay the bogus balance.

18.    JH Portfolio dismissed the case against Plaintiff without prejudice in February of 2018, after it refused to respond to Plaintiff's First Interrogatories and First Requests for Production of Documents.

19.    Defendant has actual or constructive knowledge of all of these events.

### *Summary of Defendant's Collection Efforts that Violated the FDCPA*

20.    Defendant has had notice and knowledge of Plaintiff's attorney since at least December of 2017.

21.    On or about February 20, 2024, Defendant opened an account number ending in

7874 for Plaintiff regarding the alleged debt.

22.    Defendant worked this collection file until December 19, 2024.   Upon information and belief, by this time Defendant learned that (1) the debt was invalid; (2) Plaintiff did not owe the debt; and (3) Plaintiff had hired counsel on the debt.

23.    Under account number 7874, Defendant sent multiple texts to Plaintiff from March, 2024 through December 2024 in an effort to collect the debt.  These texts demanded that Plaintiff contact Defendant to pay the debt.

24.    Many of these texts were sent to third parties who had no connection with the alleged debt.  Defendant texted at least two telephone numbers that did not belong to Plaintiff from February 2024 through December 2024.  Upon information and belief, Defendant illicitly disclosed the existence of Plaintiff's debt to these third parties.  Plaintiff never consented to any of this.

25.    At the time it sent each text (both to Plaintiff and the third parties), Defendant knew the debt was invalid and that Plaintiff had hired an attorney on the debt.

26.    On December 19, 2024, Defendant closed its account number 7874.

27.    In December of 2024, Defendant opened a second account number for Plaintiff, this one ending in 6292, for Plaintiff regarding the alleged debt.

28.    Defendant began sending a second stream of text messages to Plaintiff in an effort to collect the debt.  Defendant sent texts regularly from January 2025 through September 2025.

### The July 22, 2025 Phone Call

29.    Plaintiff first responded to one such text on July 22, 2025.  Plaintiff called Defendant as Defendant instructed in its text message.  Plaintiff immediately let Defendant know that Defendant was harassing Plaintiff by sending many text messages.

30.    Defendant responded by asking Plaintiff to pay the debt in full.  Defendant concealed from Plaintiff that the debt was time-barred, and Defendant concealed from Plaintiff that the debt was too old to be credit reported.

31.    Plaintiff told Defendant, "I'll be calling my lawyer to sue you."

32.    This statement should have made it clear to Defendant that Plaintiff had counsel on the debt, as referenced above.

33.    Indeed, the individual collector entered notes on the collection file that read, "DO NOT CALL."  Nonetheless, Defendant ignored those notes and continued to attempt to collect the debt from Plaintiff thereafter by phone and by text.

34.    Defendant has always been able to readily ascertain Plaintiff's attorney's name and contact information from the publicly filed documents in the lawsuit referenced above. Plaintiff's statement during the July 22, 2025 call was also a clear message from Plaintiff to cease and desist further collection communications.

### The September 9, 2025 Phone Call

35.    Notwithstanding the July 22, 2025 phone call, Defendant continued to text Plaintiff regularly between August and September of 2025 in an effort to collect the debt.

36.    Plaintiff responded to one of those texts on September 9, 2025 and called Defendant as the text message instructed at exactly 9:43am.

37.    Defendant immediately demanded payment in full of the balance.

38.    Plaintiff responded by telling Defendant, "I have no debt… I will contact my lawyer and they will be suing you."

39.    This, again, was a clear communication to Defendant that Plaintiff was represented by counsel and that Plaintiff was demanding Defendant's collection communications

cease and desist.

40.    Again, Defendant's individual collector was astute enough to note in the file that contact with Plaintiff should cease and desist.  Defendant ignored those notes as set forth below- it continued to text Plaintiff and it continued to attempt to collect the debt thereafter.

41.    At 2:50pm the same day (September 9, 2025), Defendant sent another text message to Plaintiff in another effort to collect the debt.  This was pure harassment and meanness- Defendant was now pursuing Plaintiff "for sport."

### *The September 11, 2025 Phone Call*

42.    Plaintiff responded to another text from Defendant by calling Defendant on September 11, 2025 as its text message instructed.

43.    During this call, Defendant again, incredibly, demanded that Plaintiff pay the balance in full.  It concealed from Plaintiff that the debt was time-barared.

44.    Plaintiff made it clear to Defendant that she had not received anything in writing from Defendant.  Defendant thus knew it never communicated to Plaintiff that her debt was time-barred, or that it was too old for credit reporting.

45.    Plaintiff told Defendant that she was concerned about her credit; Defendant, in response, told Plaintiff that it could close the account for $1486.  Defendant made it seem as though the account would be reported to Plaintiff's credit, and this was false- the debt was far too old to be credit reported.

46.    Plaintiff provided Defendant with the name and number of her new attorney, reiterated that she never stopped being represented by her prior attorney, and ended the call.

47.    Plaintiff paid and/or became indebted to her attorneys for significant fees for their prior defense of the lawsuit referenced above, and for representation in the current dispute.

48.     At all times relevant, Defendant was fully knowledgeable of Plaintiff's attorney representation because Plaintiff's attorney defended the same matter in 2017, and because Plaintiff repeatedly reminded Defendant that she had an attorney in the phone calls described above. All communication should have been sent to Plaintiff's attorney.

49.     Despite having knowledge that Plaintiff was represented by counsel on the alleged debt, Defendant bypassed Plaintiff's attorney's representation by contacting Plaintiff directly. This was a direct violation of 1692c(a)(2).

50.     Plaintiff had to contact her attorney and pay additional fees to get counsel to review the collection messages and provide further advice.

51.     Defendant's above-described conduct has caused Plaintiff to incur actual damages including but not limited to attorneys' fees paid to her counsel, anxiety, frustration, and worry.

52.     Further, Defendant's above-described conduct has caused Plaintiff to suffer the following additional injuries in fact:

   a.     Plaintiff became indebted to her attorney for a significant amount so that Defendant would be forced to deal with the attorney, not Plaintiff, and Defendant's deliberate refusal to acknowledge Plaintiff's represented status deprived Plaintiff of the benefit of her expenditure for her attorney;

   b.     Plaintiff has been deprived of her statutorily created right to attorney representation on a debt.

53.     The injuries in fact are fairly traceable to the challenged actions of Defendant in that Defendant sent text messages to Plaintiff..

54.     Plaintiff's injuries in fact are likely to be redressed by a favorable decision in this Court.

## COUNT I: VIOLATION OF THE FDCPA

55.    Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

56.    In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. § 1692 et seq., including, but not limited to, the following:

a.    Collecting a debt using false and misleading means, representations and omissions, including refusing to explain that the debt was time-barred and that paying the debt would revive it and refusing to explain that the debt was too old to credit report.  15 U.S.C. § 1692e.

b.    Engaging in numerous collection attempts and demanding the balance in full from Plaintiff after Defendant knew the debt was not in fact valid and that Plaintiff did not owe it.  15 U.S.C. § 1692e.

c.    Using unfair practices to collect the debt, including but not limited by bypassing Plaintiff's counsel in an effort to collect the debt directly from Plaintiff, refusing to acknowledge Plaintiff's valid dispute of the debt and her courtroom victory regarding the debt, and falsely implying and stating that the debt was not time-barred and that the debt was subject to credit reporting.  15 U.S.C. § 1692f.

d.    Communicating with third parties without Plaintiff's consent.  15 U.S.C. § 1692c(b).

e.    Defendant attempted to collect the full amount of the debt from Plaintiff where the debt was not authorized by the agreement creating the debt, as that agreement does not exist and never authorized Defendant to collect anything,

and where collection of the debt was not permitted by law, as the debt is invalid.  15 U.S.C. § 1692f.

f.  Causing Plaintiff's telephone to ring by sending her text messages with the intent to annoy, abuse and harass Plaintiff.  15 U.S.C. § 1692d.

g.  Depriving Plaintiff of her statutorily created right to cause debt collection communication to cease upon provision of her attorney's contact information. 15 U.S.C. § 1692c; and

h.  Engaging in conduct that was harassing, abusive, deceptive, unfair, misleading, and unconscionable in the collection of a debt, including but not limited to refusing to acknowledge Plaintiff's right to attorney representation and collecting a debt that Defendant knew Plaintiff did not owe to Defendant. 15 U.S.C. § 1692d-f.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A.  Judgment that Defendant's conduct violated the FDCPA;

B.  Actual damages in an amount to be determined by the jury;

C.  Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

D.  For such other relief as the Court may deem just and proper.

Respectfully submitted,

**VOYTAS LAW, LLC**

By:    <u>/s/ Richard A. Voytas, Jr.</u>
        Richard A. Voytas, Jr., #52046
        Jacob C. Mohrmann, #75681
        7321 S. Lindbergh Blvd, Ste. 400
        St. Louis, MO 63125
        Phone: (314) 380-3166
        Email: rick@voytaslaw.com
               jacob@voytaslaw.com

*Attorneys for Plaintiff*